IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRIVONNE JAY BARNETT,

                                        Case No. 6:14-cv-01471-YY

        Petitioner,

                                        FINDINGS AND RECOMMENDATION

    v.

JEFF PREMO,

        Respondent.

    Kristina Hellman
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Ellen F. Rosenblum, Attorney General
    Samuel A. Kubernick, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

YOU, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court convictions for Attempted Murder and Unlawful Use of a Firearm. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

## BACKGROUND

In July 2007, the Washington County Grand Jury indicted petitioner on two counts of Attempted Murder with a Firearm and two counts of Unlawful Use of Weapon with a Firearm.[1] Respondent's Exhibit 103. On April 22, 2008, petitioner proceeded to a bench trial where the prosecutor called Jonathan Sprague as a witness, but Sprague invoked his Fifth Amendment right against self-incrimination. Trial Transcript Vol I, p. 135. Sprague had testified twice before the Grand Jury, first claiming he had no memory of the night and shooting. *Id* at 145. During his second appearance, Sprague testified that he was, in fact, present on the night of the shooting and witnessed petitioner as the shooter. *Id* at 137. Sprague's attorney explained that his client's trial testimony would differ from that he gave to the Grand Jury, thus his client was concerned about the possibility of a perjury charge. *Id* at 140.

The prosecutor stated that if Sprague testified consistently with his second appearance in front of the Grand Jury, there would be no perjury issues. It was the prosecutor's position,

---

[1] The Grand Jury also indicted petitioner on various drug crimes that are not at issue in this case.

however, that Sprague should not be allowed "to come in and say I'm asserting the Fifth Amendment privilege because I want to lie today, Judge, so I don't want to testify." *Id* at 144. The prosecutor also stated that if Sprague's trial testimony differed from that of his second Grand Jury appearance, even if he were testifying truthfully at trial, the State would charge him with perjury for lying to the Grand Jury. *Id* at 145. Thus, if Sprague's trial testimony differed in any material way from that he provided to the Grand Jury, he would face perjury charges as to one proceeding or another.

The court felt there was no privilege that protected Sprague from testifying truthfully at trial, and therefore required him to testify. *Id* at 148-49. Sprague continued to refuse to testify in petitioner's case. *Id* at 151-52. As a result, the trial court held him in contempt and sentenced him to six months in jail. *Id* at 152-54.

Petitioner's trial resumed and, at its conclusion, the court found petitioner guilty of all charges and sentenced him to 90 months in prison. Respondent's Exhibit 101. The following month, petitioner filed a motion for new trial alleging that the prosecutor's threats of perjury caused Sprague not to testify. Respondent's Exhibit 117. The trial court summarily denied the motion. *Id.*

Petitioner took a direct appeal wherein he argued that the trial court erred when it denied his motion for a new trial. Respondent's Exhibit 104. The Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon

3 - FINDINGS AND RECOMMENDATION

Supreme Court denied review. *State v. Barnett,* 234 Or. App. 365, 228 P.3d 736, *rev. denied*, 348 Or. 669, 237 P.3d 824 (2010).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR court denied relief. Respondent's Exhibit 134. The Oregon Court of Appeals affirmed the PCR court without opinion, and the Oregon Supreme Court denied review. *Barnett v. Coursey*, 258 Or. App. 682, 311 P.3d 1252, *rev. denied,* 354 Or. 490, 317 P.3d 255 (2013).

Petitioner filed this federal habeas corpus case on September 16, 2014 raising three claims of ineffective assistance of counsel and one claim that the prosecutor's conduct prevented him from presenting a defense in violation of the Sixth and Fourteenth Amendments. Respondent asks the court to deny relief on the Petition because: (1) petitioner has not argued his ineffective assistance of counsel claims, and therefore fails to sustain his burden of proof as to these claims; and (2) the state court's denial of the claim alleging prosecutorial misconduct was not objectively unreasonable.

## DISCUSSION

## I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.

Case 6:14-cv-01471-YY   Document 55   Filed 11/03/16   Page 5 of 9

§ 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its

5 - FINDINGS AND RECOMMENDATION

application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision. *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). In this case, where the Oregon state courts did not provide a rationale for the decisions denying petitioner's motion for a new trial, the court independently reviews the record in relation to that claim.

## II. **Unargued Claims**

As previously noted, petitioner raises three ineffective assistance of counsel claims and one claim based upon prosecutorial misconduct. In his supporting memorandum, however, petitioner chooses to brief only his claim that the trial court erred when it denied his motion for a new trial where the prosecutor threatened Sprague with perjury, causing his refusal to testify. Where petitioner does not argue the merits of his remaining claims, he has not carried his burden of proof such that the court should deny relief as to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## III. **Prosecutorial Misconduct**

According to petitioner, the prosecutor's statements involving Sprague's testimony amounted to a promise to pursue perjury charges against him. He claims that where the threat of perjury was so concrete that Sprague was willing to subject himself to a six-month contempt sentence, the prosecutor

effectively intimidated the witness into refusing to testify. Petitioner argues that this conduct violated his Sixth and Fourteenth Amendment rights as clearly established by *Webb v. Texas*, 409 U.S. 95 (1972).

In *Webb*, the trial judge admonished the defendant's sole witness in "unnecessarily strong terms" with a "lengthy and intimidating warning" resulting in the witness' refusal to testify. *Id* at 97-98. The judge "implied that he expected [the witness] to lie" and warned the witness:

> the Court will personally see that your case goes to the grand jury and you will be indicted for perjury and the lik[e]lihood is that you would get convicted of perjury and that it would be stacked onto what you have already got, so that is the matter you have got to make up your mind on. If you get on the witness stand and lie, it is probably going to mean several years and at least more time that you are going to have to serve. It will also be held against you in the penitentiary when you're up for parole. . . .

*Id* at 95-96.

The Supreme Court concluded that "[a]t least some of these threats may have been beyond the power of this judge to carry out" and that "the judge could well have exerted such duress on the witness' mind as to preclude him from making a free and voluntary choice whether or not to testify." *Id* at 97-98. It rested its decision, in part, upon the "great disparity between the posture of the presiding judge and that of a witness in these circumstances. . . ." *Id* at 98.

The Supreme Court's decision in *Webb* addresses a perjury admonition by a trial judge, not a prosecutor. The Supreme Court

7 - FINDINGS AND RECOMMENDATION

has never extended its holding in *Webb* to statements by a prosecutor, leading the Ninth Circuit to conclude that "[t]here is no Supreme Court caselaw holding that a prosecutor commits misconduct when he or she threatens a defense witness with prosecution and thereby causes the witness to either refuse to testify or invoke the Fifth Amendment." *Graves v. Swarthout*, 471 Fed. Appx. 768, 771 (9th Cir. 2012). In the absence of any such clearly established federal law, petitioner is not entitled to habeas corpus relief.[2] *See Carey v. Musladin,* 549 U.S. 70, 74 (2006) (habeas review is restricted to the Supreme Court's holdings at the time of the relevant state-court decision).

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be denied and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

---

[2] Even if *Webb* qualified as clearly established federal law for purposes of petitioner's case, the prosecution's statements about a potential perjury prosecution and its consequences did not so clearly preclude Sprague from making a voluntary choice regarding his testimony that habeas relief would be appropriate under 28 U.S.C. § 2254(d)(1).

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this __3ʳᵈ__ day of November, 2016.

Youlee Yim You
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION